IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN L. ("GLUE") WILKINS, | ) |
| | ) |
| Petitioner, | ) No. 3:08-cv-00185-RJC-KAP |
| | ) |
| v. | ) |
| | ) District Judge Robert J. Colville |
| KENNETH R. CAMERON, Superintendent, SCI Cresson, HONORABLE THOMAS W. CORBETT, JR., Attorney General of the State of Pennsylvania, and HONORABLE EDWARD M. MARSICO, JR., District Attorney of the County of Dauphin, | ) Magistrate Judge Keith A. Pesto |
| | ) |
| Respondents. | ) |

**ORDER OF COURT**

Currently pending before the Court is the Report and Recommendation (ECF No. 240) filed by the Honorable Keith A. Pesto in the above-captioned matter. Judge Pesto's August 12, 2025 Report and Recommendation recommends that the Court deny Petitioner's Motion for Rule 60B filed at ECF No. 228. Objections to the Report and Recommendation were due by August 29, 2025. Petitioner filed timely Objections (ECF No. 243) to the Report and Recommendation on August 22, 2025. The Court considers this matter to be ripe for disposition.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. §

636(b)(1)(A); Fed. R. Civ. P. 72(a).  "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo."  *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).  A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law.  *Id*.  "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).  "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'"  *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3).  The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made.  *Id.*  Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as

'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon de novo consideration of Judge Pesto's Report and Recommendation, Petitioner's Motion for Rule 60B, and Petitioner's Objections to the Report and Recommendation, and following review of all relevant docket entries, it is hereby ORDERED as follows:

The Court agrees with the thorough and well-reasoned analysis set forth in Judge Pesto's Report and Recommendation, and the Court accepts and adopts Judge Pesto's Report and Recommendation in its entirety as the opinion of the Court with respect to Petitioner's Motion for Rule 60B. Petitioner's Motion is his fourth attempt to bring a successive habeas corpus petition under the guise of a Rule 60(b) motion. All of his previous attempts have been rejected by this Court, and the Court will similarly reject this most recent attempt. The Court has reviewed Petitioner's objections, and his objections are overruled. It is hereby further ORDERED that Petitioner's Motion for Rule 60B is denied, without prejudice to refiling pending authorization by the United States Court of Appeals for the Third Circuit.[1] It is further ORDERED that the issuance of a certificate of appealability is denied.

BY THE COURT:

/s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: November 25, 2025

---

[1] The Court notes, however, that the Third Circuit denied Petitioner's Motion for Permission to File a Second or Successive Petition which was essentially the same motion as Petitioner's pending Motion for Rule 60B. *See In re Glue Wilkins*, No. 25-1482 (3d Cir. July 11, 2025).

cc:

All counsel of record

Allen (Glue) Wilkins
FP-1629
SCI Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698